**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1004

ANDREW S.F. CULLEN,

Plaintiff, Appellant,

v.

NEAL JANVRIN, individually and in his official capacity as the Chief of Police of the Fremont Police Department; ADAM A. RAYMOND, individually and in his official capacity as a police officer of the Fremont Police Department; TOWN OF FREMONT, NEW HAMPSHIRE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul Barbadoro, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Jacob J.B. Marvelley, with whom Paul McEachern and Shaines & McEachern, PA were on brief, for appellant.
Caroline K. Leonard, with whom Charles P. Bauer and Gallagher, Callahan & Gartrell, P.C. were on brief, for appellees.

September 21, 2016

**Per curiam.** Andrew S.F. Cullen ("Cullen") appeals the district court's grant of summary judgment for the Town of Fremont, New Hampshire and two of its police officers on his claim, brought under 42 U.S.C. § 1983, that he was arrested -- for allegedly raping a mentally handicapped woman -- without probable cause in violation of his Fourth Amendment rights.

Cullen argued that the officers intentionally or recklessly (1) crafted an arrest-warrant application that was arguably misleading in light of the facts they knew and (2) failed to sufficiently investigate for facts they should have known prior to seeking and executing the warrant. He further argued that the Town of Fremont was liable for the foregoing because the warrant and the arrest were secured by a final municipal policymaker in the form of the town's Chief of Police.

The district court properly found that the officers were entitled to qualified immunity. As to the warrant application, the court recognized that any facts the officers misstated were insufficiently material under clearly established law to support a Fourth Amendment claim, and that any facts they omitted were not required to be included by clearly established law. As to the investigation, the court recognized that the officers were not

required to undertake additional investigation by clearly established law.[1]

The district court also properly found that the town could not be held liable for the conduct at issue because its Chief of Police lacked final municipal policymaking authority over this arrest; in this case, that authority was exercised by the Rockingham County Attorney as the delegatee of the State's Attorney General.

We agree that the defendants were entitled to summary judgment, substantially for the reasons articulated below. Without adopting the district court's opinion, we summarily affirm. See 1st Cir. R. 27.0(c).

So ordered.

---

[1] As the district court noted, our recent decision in United States v. Tanguay, 787 F.3d 44 (1st Cir. 2015), only buttresses this finding. While we clarified in Tanguay that there are circumstances under which an officer "has a duty to make further inquiry before" applying for a warrant, id. at 53, we acknowledged that, prior to that point, the scope of that duty was "not well understood," id. at 46. Thus it cannot be said that such a duty was clearly established years earlier in 2011, when the conduct at issue here occurred. Accordingly, we need not pass on whether the duty as articulated in Tanguay was breached in this case.